*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:    November 10, 2016          D-64-16
_____

In the Matter of ADAM BRET
    STEIG, a Suspended Attorney.        MEMORANDUM AND ORDER
                                             ON MOTION
(Attorney Registration No. 2665909)
_____

Calendar Date:    October 17, 2016

Before:    McCarthy, J.P., Garry, Devine, Mulvey and Aarons, JJ.

_____

        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Sarah A. Richards of counsel), for
Attorney Grievance Committee for the Third Judicial Department.

        Adam Bret Steig, Summit, New Jersey, respondent pro se.

_____

Per Curiam.

        Respondent was admitted to practice by this Court in 1995.
He was previously admitted to practice in New Jersey in 1992,
where he formerly maintained an office for the practice of law.[1]

        By order filed July 9, 2015, respondent was disbarred upon
his consent by the Supreme Court of New Jersey (Matter of Steig,
222 NJ 20, 117 A3d 173 [2015]), upon allegations that he had
knowingly misappropriated client funds.  The Attorney Grievance
Committee for the Third Judicial Department (hereinafter AGC) now

_____

        [1] By order entered September 24, 2009, respondent was
suspended in this state based upon his failure to register as an
attorney and to pay biennial registration fees as required (see
Matter of Attorneys in Violation of Judiciary Law § 468-a, 65
AD3d 1447, 1477 [2009]).  Said suspension remains in effect to
date.

moves for an order imposing discipline in this state pursuant to the Uniform Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 by reason of the discipline imposed in New Jersey. Respondent replied by submission of an application to resign while the investigation or proceeding against him is pending (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10). By affidavit sworn to October 13, 2016, AGC has opposed respondent's application to resign. Respondent has not otherwise responded to AGC's motion.

Initially, we find respondent's application to resign from the practice of law while the subject disciplinary proceeding is pending to be deficient on its face and, therefore, it must be denied. Despite acknowledgment that he could not defend himself against allegations that he misappropriated client funds in New Jersey, his subsequent disbarment on consent by the Supreme Court of New Jersey and receipt of AGC's present motion seeking to impose discipline based upon the discipline imposed in New Jersey, respondent failed to disclose in his application to resign that AGC's investigation included allegations that he had willfully misappropriated money in the practice of law and, in turn, he failed to provide the disclosures that are required when such allegations are raised (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a], [b]).

Turning to AGC's motion, inasmuch as respondent has not otherwise replied to the motion, he has waived any available defenses (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]; see also Matter of Morin, 131 AD3d 799, 799 [2015]; Matter of Radshaw, 130 AD3d 1139, 1139 [2015]; see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC's motion and further conclude that, under the circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see Matter of Dasent, 139 AD3d 1315, 1316 [2016]; Matter of Hock Loon Yong, 130 AD3d 1428, 1429 [2015]; Matter of Felli, 116 AD3d 1335, 1335 [2014]; Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] §§ 1240.8 [b] [2]; 1240.13 [c]).

McCarthy, J.P., Garry, Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent's application to resign while a proceeding or investigation is pending is denied; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court