*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:  December 1, 2016          D-69-16
_____

In the Matter of ERIC B.
    BAILEY, an Attorney.                MEMORANDUM AND ORDER
                                              ON MOTION
(Attorney Registration No. 4409462)

_____


Calendar Date:  October 11, 2016

Before:  McCarthy, J.P., Lynch, Devine, Clark and Aarons, JJ.

_____

        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Alison M. Coan of counsel), for
Attorney Grievance Committee for the Third Judicial Department.


_____


Per Curiam.

        Respondent was admitted to practice by this Court in 2006.
He was also admitted in New Jersey that same year, where he
maintains an office for the practice of law.[1]

        By order entered January 27, 2016, respondent was
reprimanded by the Supreme Court of New Jersey based upon
findings that he failed to diligently represent a client, failed
to properly communicate with a client and failed to cooperate
with disciplinary authorities, all in violation of three rules of
New Jersey's Rules of Professional Conduct (Matter of Bailey, 224
NJ 100 [2016]).  Respondent failed to file a copy of the order of

_____

        [1]  Although it appears that respondent is currently listed,
by consent, under "disability inactive status" in New Jersey
(Matter of Bailey, 223 NJ 357 [2015]), no further information
regarding that status has been provided to this Court.

the Supreme Court of New Jersey with this Court within 30 days as required by Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.19 (b) (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).

Now, by reason of the discipline imposed upon respondent in New Jersey, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves, by order to show cause returnable October 11, 2016, to impose discipline upon respondent in this state. Respondent has not replied or otherwise responded to AGC's motion or raised any of the available defenses (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of an appropriate disciplinary sanction, we take note of respondent's failure to file a copy of the New Jersey disciplinary order with this Court (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]), his failure to respond to the subject motion and the findings of the Supreme Court of New Jersey regarding his failure to cooperate with disciplinary authorities in the underlying matter. Accordingly, upon consideration of all the facts and circumstances, we conclude that, under the circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be suspended from the practice of law for a period of 30 days in this state (see Matter of Cooper, 124 AD3d 1203, 1204 [2015]; Matter of Kain, 64 AD3d 992, 992-993 [2009]; see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Finally, we hold that any future application for reinstatement by respondent must include proof that he has been restored to active status to practice law in New Jersey (see New Jersey Court Rules R 1:20-12).

McCarthy, J.P., Lynch, Devine, Clark and Aarons, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is suspended from the practice of law for a period of 30 days, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court