■ In the Matter of Jing Tan, an Attorney. [52 NYS3d 171]—

Per Curiam. Respondent was admitted to practice by this Court in 1999. She currently lists a Maryland business address with the Office of Court Administration.

Respondent, who is not licensed to practice law in Maryland, maintains an immigration law practice in that state and relies on her New York law license to engage in said practice. By order entered September 22, 2016, the Court of Appeals of Maryland suspended respondent from the practice of law in that state for 60 days, based upon findings that she violated eight provisions of the former Maryland Lawyers' Rules of Profes-

sional Conduct by, among other things, failing to represent with competence an immigration client, failing to properly communicate with that client, charging an improper fee, failing to properly deposit unearned fees and failing to provide proper information on her attorney website (*Matter of Attorney Grievance Commn. of Maryland v Tan*, 450 Md 96, 146 A3d 459 [2016]).*

By reason of the discipline imposed upon respondent in Maryland, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause returnable February 27, 2017, for an order imposing discipline upon respondent in this state. Respondent has not replied or otherwise responded to AGC's motion or raised any of the available defenses (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (*see Matter of Halbfish*, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of the appropriate disciplinary sanction, we take note of the discipline imposed in Maryland and respondent's failure to respond to the subject motion. Accordingly, upon consideration of all the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be suspended from the practice of law for a period of 60 days in this state (*see Matter of Bailey*, 145 AD3d 1182 [2016]; *Matter of Cooper*, 124 AD3d 1203, 1204 [2015]).

Peters, P.J., McCarthy, Egan Jr., Devine and Aarons, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law for a period of 60 days, effective immediately, and until further order of this Court (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of the Rules for At-

---

* Respondent's application for reinstatement was thereafter granted by the Court of Appeals of Maryland by order entered December 16, 2016 (*Matter of Petition for Reinstatement of Tan*, 451 Md 23, 150 A3d 869 [2016]).

torney Disciplinary Matters regulating the conduct of suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).