■ In the Matter of ANTONIO AQUIA, an Attorney. [57 NYS3d 447]—

Per Curiam. Respondent was admitted to practice by this Court in 2000. That same year, he was admitted to practice in Maryland, where he currently lists a business address with the Office of Court Administration.

In April 2015, respondent executed a joint petition with the Attorney Grievance Commission of Maryland, whereby he admitted engaging in fraud and misrepresentation in violation of rule 8.4 (c) of the Maryland Lawyers' Rules of Professional Conduct. By order filed May 11, 2015, the Court of Appeals of Maryland directed that respondent be indefinitely suspended from the practice of law in Maryland and that his name be removed from Maryland's register of attorneys (*Attorney Grievance Commn. of Maryland v Aquia*, 442 Md 738, 114 A3d 707 [2015]). The United States District Court for the District of Maryland thereafter filed a reciprocal order of indefinite suspension.

By reason of the discipline imposed upon respondent in Maryland, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause returnable July 3, 2017, for an order imposing discipline upon respondent in this state. Respondent has submitted a response that presents only arguments in mitigation and does not raise any of the available defenses to AGC's motion (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (*see Matter of Ebrahimzadeh*, 140 AD3d 1466, 1466 [2016]; *Matter of Halbfish*, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of the appropriate disciplinary sanction, we take note of the discipline imposed in Maryland and conclude, upon consideration of all the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, that respondent should be indefinitely suspended from the practice of law in this state, effective immediately (*see Matter of Croak*, 148 AD3d 1451, 1452 [2017]). Finally, we note that any future application for reinstatement in this state must be accompanied by proof that respondent has been reinstated to the practice of law in Maryland.

McCarthy, J.P., Lynch, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the

practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).