Per Curiam.
 

 Respondent was admitted to practice by this Court in 1984.
 
 [1]
 
 He was previously admitted in New Jersey in 1975. By order entered March 24, 2017, the Supreme Court of New Jersey temporarily suspended respondent indefinitely based upon its determination that respondent posed a substantial threat of serious harm due to his violations of the Rules of Professional Conduct (see NJ Rules of Ct rule 1:20-11 [a]) and due to his failure to cooperate with a disciplinary investigation in that state (see NJ Rules of Ct rule 1:20-3 [g] [4]). Respondent thereafter failed to notify this Court of his suspension within 30 days as required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). By reason of the discipline imposed in New Jersey, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause marked returnable November 20, 2017, for an order imposing discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13.
 
 [2]
 

 Inasmuch as respondent has failed to respond to AGC’s motion, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC’s motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 145 AD3d 1182, 1182 [2016]; Matter of Steig, 144 AD3d 1313, 1314 [2016]). Noting respondent’s discipline in New Jersey for failing to cooperate with a disciplinary investigation along with his misconduct related to his attorney trust account, we conclude, upon consideration of all the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be suspended indefinitely, effectively immediately (see Matter of Frank, 135 AD3d 1152, 1153 [2016]). We further note that any future application for reinstatement in this state must be accompanied by proof that respondent has been reinstated to the practice of law in New Jersey (see Matter of Aquia, 153 AD3d 1082, 1083 [2017]; Matter of Sheehan, 72 AD3d 1270, 1270 [2010]), and that he is in full satisfaction of the attorney registration requirements applicable in this state (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1).
 

 Peters, P.J., Rose, Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further ordered that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
 

 [1]
 

 . Respondent was previously censured by this Court in June 2008 (Matter of Colby, 52 AD3d 1113, 1113-1114 [2008]).
 

 [2]
 

 . We note that respondent is currently delinquent in this state with respect to his biennial attorney registration obligation (see Judiciary Law § 468-a [5]; Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]).