Matter of Campbell (2018 NY Slip Op 02540)





Matter of Campbell


2018 NY Slip Op 02540


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018


[*1]In the Matter of MIZELL CAMPBELL, an Attorney. (Attorney Registration No. 4445706)

Calendar Date: March 19, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Respondent was admitted to practice by this Court in 2006 and was previously admitted to practice in Florida in 2003. In September 2017, the Florida Bar petitioned the Supreme Court of Florida to indefinitely suspend respondent following its investigation into respondent's alleged misappropriation of client funds and his failure to cooperate with the resulting disciplinary investigation. In October 2017, the Supreme Court of Florida approved the petition and suspended respondent indefinitely based upon its determination that respondent appeared to be causing great public harm (see Rules Regulating the Florida Bar, rule 3-5.2 [a] [1])[FN1]. The Attorney Grievance
Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause marked returnable March 19, 2018, for an order imposing discipline upon respondent in [*2]this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13.
Respondent's failure to respond to AGC's motion results in the waiver of his available defenses (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Halbfish, 144 AD3d 1263, 1263 [2016]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b])[FN2]. Accordingly, we grant the motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 145 AD3d 1182, 1182 [2016]; Matter of Steig, 144 AD3d 1313, 1314 [2016]). The misappropriation of client funds is a serious offense warranting an equally serious degree of discipline (see Matter of Castillo, 157 AD3d 1158, 1159 [2018]; Matter of Castillo, 145 AD3d 1177, 1178 [2016]). Respondent's conduct is further aggravated by his furtive actions intended to hide his misconduct during the course of the Florida Bar's investigation (see Matter of Humphrey, 158 AD3d 933, 933-934 [2018]; Matter of Colby, 156 AD3d at 1216; Matter of Croak, 156 AD3d 1111, 1111-1112 [2017]). Based on the severity of respondent's misconduct and the discipline imposed in Florida, we conclude, upon consideration of all the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be suspended indefinitely from the practice of law in this state pending final resolution of his Florida disciplinary matter, effectively immediately (see Matter of Colby, 156 AD3d at 1216; Matter of Frank, 135 AD3d 1152, 1153 [2016]). We further note that any future application for reinstatement in this state must be accompanied by proof that respondent has been reinstated to the practice of law in Florida (see Matter of Aquia, 153 AD3d 1082, 1083 [2017]; Matter of Sheehan, 72 AD3d 1270, 1270 [2010]).
McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
law, effective immediately, and until further order of this Court
(see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney [*3]Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent opposed the Florida Bar's petition and moved for dissolution of his emergency suspension (see Rules Regulating the Florida Bar, rule 3-5.2 [g]). The Supreme Court of Florida thereafter ordered that a referee be appointed to conduct a hearing on respondent's motion. Following a hearing, the Referee issued a report determining that the credible evidence established a likelihood that the Florida Bar would prevail on each element of the underlying rule violations and recommending that respondent's motion be denied (see Rules Regulating the Florida Bar, rule 3-5.2 [i]). After considering the parties' submissions, the Supreme Court of Florida approved the Referee's report, denied respondent's motion and ordered that its prior October 2017 suspension order remain in effect.

Footnote 2: We also note that respondent failed to notify this Court or the Attorney Grievance Committee for the Third Judicial Department of his suspension within 30 days, as was required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).