Matter of Walter (2018 NY Slip Op 02873)





Matter of Walter


2018 NY Slip Op 02873


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018


[*1]In the Matter of ALEXANDER DAVID WALTER, an Attorney. 
(Attorney Registration No. 4514568)

Calendar Date: April 16, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Respondent was admitted to practice by this Court in 2007
and was also admitted in New Jersey that same year. He
lists a business address in Middletown, New Jersey with the
Office of Court Administration. In May 2017, the Supreme Court
of New Jersey disbarred respondent due to his June 2012
felony conviction for endangering the welfare of a child in
connection with his sexual conduct in the presence of a nine-year-old girl. As a result, by order to show cause marked returnable April 16, 2018, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13. Respondent has not responded or otherwise appeared on the
motion.[FN1]
Respondent's failure to respond to AGC's motion results in the waiver of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]) and, accordingly, we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Colby, 156 AD3d 1215, 1215-1216 [2017]; Matter of Bailey, 145 AD3d 1182, 1182 [2016]). While no specific aggravating or mitigating factors have been presented for our consideration, we take note of the decision of the Supreme Court of New Jersey and the various considerations that Court made in determining that disbarment was an appropriate sanction (see Matter of Legato, 229 NJ 173, 188, 161 A3d 111, 120-121 [2017]). Specifically, the Court noted respondent's failure to take full responsibility for his actions, instead choosing to apportion blame for his egregious and reprehensible actions in the presence of a nine-year-old child (see Matter of Legato, 229 NJ at 188, 161 A3d at 120). We further note that respondent's conduct was not an isolated incident, as he admitted to masturbating in front of the child on several occasions over an approximately four-month period. Finally, as the Supreme Court of New Jersey stated in its decision, respondent utilized his position of power over a child he was entrusted to care for to take advantage and satisfy his own urges (see Matter of Legato, 229 NJ at 189, 161 A3d at 121). Such conduct is not only illegal and in contravention of the Rules of Professional Conduct (22 NYCRR 1200.0), it diminishes the public's trust in the legal profession and "evidenc[es] a disregard of the high standards imposed upon members of the bar" (Matter of Rothschild, 127 AD3d 178, 180 [2015]). Accordingly, we find that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred from the practice of law.
Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We also note that respondent failed to notify this Court or AGC of his disbarment within 30 days as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Moreover, respondent failed to file the record of his conviction in New Jersey with this Court within 30 days in contravention of Judiciary Law § 90 (4) (c). Respondent's failure to meet these reporting obligations only serves to aggravate his misconduct (see Matter of Hernandez, 156 AD3d 1109, 1110 [2017]).