Matter of Ezeala (2018 NY Slip Op 05401)





Matter of Ezeala


2018 NY Slip Op 05401


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]In the Matter of JUDE CHUKWUMA EZEALA, a Suspended Attorney. (Attorney Registration No. 3996493)

Calendar Date: July 2, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Per Curiam.
In March 2017, the Attorney Grievance Commission of Maryland and respondent filed a Joint Petition for Indefinite Suspension by Consent, wherein respondent conceded that he could not defend against the allegations that he had violated rules 1.1, 1.3, 1.4, 1.5, 1.15 (a) and (c), 1.16 (d), 5.3 (c) and (d) and 8.4 (a) and (d) of the former Maryland Lawyers' Rules of Professional Conduct stemming from his neglect of a client's immigration matter. Consequently, that same month, the Court of Appeals of Maryland sustained the charges and suspended respondent from the practice of law in Maryland for an indefinite period of time [FN1]. Now, by order to show cause marked returnable July 2, 2018, the Attorney Grievance Committee for the Third
Judicial Department (hereinafter AGC) moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in Maryland. Respondent has not replied to AGC's motion or otherwise submitted any documentation in mitigation.[FN2]
Respondent has failed to respond to AGC's motion and, thus, has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Moreover, we find that his misconduct in Maryland would constitute misconduct in this state in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) (see generally Matter of Rain, ___ AD3d ___, ___, 2018 NY Slip Op 04820, *2 [2018]; Matter of Meagher, 156 AD3d 1218, 1219 [2017]; Matter of Castillo, 142 AD3d 729, 729 [2016]). Accordingly, we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 145 AD3d 1182, 1182-1183 [2016]; Matter of Steig, 144 AD3d 1313, 1314 [2016]). Considering the nature of respondent's misconduct in Maryland, his longstanding registration delinquency and his apparent disregard for his fate as an attorney in this state, we conclude, upon consideration of all of the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, that respondent should be suspended indefinitely, effectively immediately (see Matter of Frank, 135 AD3d 1152, 1153 [2016]). We further note that any future application for reinstatement in this state must be accompanied by proof that respondent has been reinstated to the practice of law in Maryland (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]), and that he is in full satisfaction of the attorney registration requirements applicable in this state (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1).
Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
law, effective immediately, and until further order of this Court
(see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent failed to notify this Court or the Attorney Grievance Committee for the Third Judicial Department of his suspension within 30 days as is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).

Footnote 2: We also note that respondent is currently suspended in this state as a result of his longstanding delinquency with respect to his biennial attorney registration obligation, having last satisfied his obligation for the 2007-2008 reporting period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1031 [2014]; see Judiciary Law § 468—a [5]; Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]).