Matter of Hulsey (2019 NY Slip Op 00020)





Matter of Hulsey


2019 NY Slip Op 00020


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

[*1]
In the Matter of WILLIAM NOBLE HULSEY III, an Attorney.
 
(Attorney Registration No. 4990701)

Calendar Date: November 26, 2018

Before: Garry, P.J., Lynch, Clark, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2011. He was also admitted in Texas that same year, where he is presently listed as retired, but eligible to practice in that state.
By August 2017 stipulation, respondent and an Evidentiary Panel of the Grievance Committee of the State Bar of Texas agreed to the imposition of a fully probated 30-month suspension from practice, with conditions. Respondent admitted in the stipulation that he had violated several provisions of the Texas Disciplinary Rules of Professional Conduct by, among other things, commingling client funds with his operating account and charging an impermissible fee to a client. Upon being advised of that discipline, the United States Patent and Trademark Office (hereinafter USPTO) imposed a probated suspension identical to that issued by the Texas State Bar. Now, by order to show cause, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to impose discipline upon respondent in New York based upon the findings of misconduct in Texas and by the USPTO (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of the App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not replied or otherwise responded to AGC's motion or raised any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we note that respondent's established misconduct in Texas is aggravated by his failure to advise this Court and AGC of his probated suspensions in Texas and by the USPTO (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]), as well as his registration delinquency in this state for two consecutive biennial registration periods (see Matter of Sicklinger, 166 AD3d 1205 [2018]). We further find that respondent's failure to participate in these proceedings is indicative of his lack of interest in his fate as an attorney in this state (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]). Accordingly, upon consideration of the facts, circumstances and documentation before us, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be suspended from the practice of law in this state for one year, effective immediately. We additionally note that any future application by respondent for reinstatement in this state must be accompanied by proof that his probated suspensions in Texas and by the USPTO have been [*2]successfully terminated (see Matter of Aquia, 153 AD3d 1082, 1083 [2017]), and that he is in full satisfaction of the attorney registration requirements applicable in this state (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1).
Garry, P.J., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for one year, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).