Matter of McSwiggan (2019 NY Slip Op 01295)





Matter of Mcswiggan


2019 NY Slip Op 01295


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019


[*1]In the Matter of LAWRENCE JOSEPH McSWIGGAN, an Attorney. 
(Attorney Registration No. 3034683)



Calendar Date: December 10, 2018


Before: Lynch, J.P., Mulvey, Devine, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1999 and presently lists a business address with the Office of Court Administration in Massachusetts, where he was admitted in 2005. In 2013, respondent was publicly reprimanded in Massachusetts due to his continued practice of law while administratively suspended for failing to register in that state. As a consequence of his Massachusetts discipline, this Court censured respondent by March 2014 order (115 AD3d 1149 [2014]). In December 2016, respondent was again administratively suspended in Massachusetts, this time for failing to cooperate with a disciplinary investigation into a dishonored check charge from respondent's attorney trust account [FN1]. Following his default in the disciplinary proceedings, in December 2017, the Massachusetts Supreme Judicial Court for Suffolk County imposed a six-month suspension upon respondent, set to commence upon respondent's filing of an affidavit of compliance with the Massachusetts Office of Bar Counsel [FN2]. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves, by order to show cause marked returnable December 10, 2018, to discipline respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 [*2]NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to his latest Massachusetts discipline. Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Respondent's failure to reply to AGC's motion results in the waiver of any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b])[FN3]. Accordingly, we find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
As a result of respondent's failure to participate in these proceedings, he has presented no mitigating factors for our consideration. Conversely, aggravating his misconduct is respondent's failure to notify this Court and AGC of the disciplinary action in Massachusetts in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Vega, 147 AD3d 1196, 1198 [2017]; Matter of Bailey, 145 AD3d 1182, 1182 [2016]; Matter of Frank, 135 AD3d 1152, 1153 [2016]). Moreover, respondent is delinquent in his New York attorney registration requirements (see Matter of Hernandez, 156 AD3d 1109, 1111 [2017]; Matter of Humphrey, 151 AD3d 1539, 1540 [2017]; Matter of Macchiaverna, 125 AD3d 1043, 1043 [2015]). Considering these factors along with his failure to participate in these proceedings, respondent has shown a clear disregard for his fate as an attorney in this state (see Matter of Tambolini, 155 AD3d 1302, 1303 [2017]; Matter of Halbfish, 144 AD3d 1263, 1264 [2016]). Finally, we note that respondent has a disciplinary history, having already been censured by this Court for other misconduct in Massachusetts (see ABA Standards for Imposing Lawyer Discipline § 9.22 [a]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be suspended for nine months, effectively immediately (see Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]; Matter of Sanghwan Hahn, 167 AD3d 1140, 1141 [2018]). Further, we condition any future reinstatement on proof of respondent's reinstatement in Massachusetts and satisfaction of his registration requirements in this state.
Lynch, J.P., Mulvey, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of Law for a period of nine months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney [*3]or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent was also again administratively suspended in February 2017 for failing to register in Massachusetts.

Footnote 2: We have received no indication that respondent's definite term of suspension in Massachusetts has formally commenced, as his current status in that state is identified as "administratively suspended" as a consequence of his registration delinquency.

Footnote 3: We note that our Rules of Professional Conduct (22 NYCRR 1200.0) proscribe the misconduct underlying respondent's discipline in Massachusetts (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [a]; 1.15 [a]; 8.4 [d]).