Matter of Cresci (2019 NY Slip Op 06565)





Matter of Cresci


2019 NY Slip Op 06565


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

PM-133-19

[*1]In the Matter of Peter Jonathan Cresci, an Attorney. (Attorney Registration No. 4959359)

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Peter Jonathan Cresci, Bayonne, New Jersey, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2011 after previously being admitted in his home jurisdiction of New Jersey in 1992. Following respondent's interim suspension in New Jersey in 2016 for failure to cooperate with disciplinary authorities (see Matter of Cresci, 227 NJ 139 [2016]),[FN1] the Supreme Court of New Jersey censured respondent by December 2018 order based upon his failure to comply with the order of suspension. Subsequently, in March 2019, respondent was disbarred by the Supreme Court of New Jersey due to, among other things, his violation of 12 provisions of the New Jersey Rules of Professional Conduct, which included findings that he engaged in the unauthorized practice of law and knowingly misappropriated client funds (see Matter of Cresci, 237 NJ 210 [2019]).[FN2] Significantly, respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of any of the above-referenced sanctions as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
AGC now moves to impose discipline upon respondent in this
state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in New Jersey.[FN3] Respondent opposes the motion, claiming that he was deprived of due process in the New Jersey disciplinary proceedings and that there was an infirmity of proof establishing his misconduct in that state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]), to which defenses AGC has submitted a reply with leave of the Court (see Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]). We have also heard the parties at oral argument and considered their supplemental submissions.
Upon consideration of the facts, circumstances and
documentation before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state. Notably, respondent's failure to meaningfully participate in the New Jersey disciplinary process in that state compels us to consider the detailed findings set forth in the lengthy New Jersey Disciplinary Review Board decision relied upon by the Supreme Court of New Jersey. Contrary to respondent's arguments, our review of the record fails to support his claim of a lack of due process, or that there was an infirmity of proof in the New Jersey proceedings (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]).
Accordingly, finding that respondent's misconduct has been
established, we turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). In that regard, not only is respondent's pattern of misconduct decisively demonstrated in the file, the record further demonstrates respondent's persistent refusal to acknowledge the impropriety of his conduct and insistence that all investigations of his misconduct were prompted by corrupt motives (see Matter of McArdle, 167 AD3d 1223, 1224 [2018]; see generally ABA Standards for Imposing Lawyer Discipline § 9.22). Notably, this Court has previously expressed its view that the misappropriation of client funds is one of the most serious violations of an attorney's ethical duties (see Matter of Malyszek, 171 AD3d 1445, 1446 [2019]; Matter of Plimpton, 120 AD3d 1486, 1487 [2014]). Accordingly, given respondent's serious professional misconduct and his failure to provide proper notice of any of the disciplinary orders in New Jersey to this Court as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d), we find that the totality of facts and circumstances in this matter does not warrant a deviation from the severity of respondent's New Jersey disciplinary sanction. We therefore conclude that, to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see Matter of Malyszek, 171 AD3d at 1446; Matter of Patel, 166 AD3d 1463, 1464 [2018]; Matter of Graham, 164 AD3d 1520, 1521 [2018]).
Lynch, J.P., Clark, Devine and Pritzker, JJ.
, concur.
ORDERED that the motion by respondent for a stay of the
motion by the Attorney Grievance Committee for the Third Judicial Department is denied; and it is further
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is
stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ORDERED that respondent is commanded to desist and
refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions
of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: As result of his New Jersey suspension, respondent was also indefinitely suspended from the practice of law by the US District Court for the Southern District of New York in February 2017.

Footnote 2: The Attorney Grievance Committee for the Third Judicial Department points out that respondent's professional misconduct in New Jersey also constitutes professional misconduct in New York, inasmuch as the rules found to have been violated by respondent in imposing the sanction of disbarment are virtually identical to Rules of Professional Conduct (22 NYCRR) rules 1.3 (a); 1.4 (a) (3), (4); 1.5 (c); 1.15 (a), (b) (1)-(3); (c) (1), (2), (4); (d) (1); 1.16 (e); 5.5 (a) and 8.4 (b)-(d).


Footnote 3: We are unpersuaded by respondent's request for a stay of AGC's motion based upon, among other things, respondent's claim that his New Jersey disbarment is not a final order due to his pending reargument motion in that state.