Matter of Abongwa (2019 NY Slip Op 07675)





Matter of Abongwa


2019 NY Slip Op 07675


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

PM-164-19

[*1]In the Matter of Emmanuel Ngwa Abongwa, a Suspended Attorney. (Attorney Registration No. 2779304.)

Calendar Date: August 26, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1996 and lists a business address in New Jersey, where he was previously admitted to practice in 1993. By May 2019 order of this Court, respondent was suspended for engaging in conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations from 2012 onward (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1709 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He remains suspended to date.
In June 2015, the New Jersey Office of Attorney Ethics (hereinafter OAE) commenced an investigation into potential misconduct on the part of respondent, precipitated by a grievance filed by a New Jersey attorney alleging that respondent was holding certain escrow funds authorized for release to that attorney's client pursuant to a 2004 real estate transaction, and that his various attempts to contact respondent had been unsuccessful.[FN1] During the course of its investigation, OAE subpoenaed respondent's trust and business account records and discovered that approximately $850 was missing from respondent's attorney trust account related to the aforementioned transaction. OAE thereafter petitioned the Supreme Court of New Jersey for respondent's immediate temporary suspension, which petition the Court granted, further directing that any funds held in respondent's trust and business accounts be transferred to the Clerk of the Superior Court of New Jersey for deposit in a trust fund (Matter of Abongwa, 223 NJ 345, 123 A3d 1052 [2015]).[FN2] Following the filing of a complaint and several more unsuccessful attempts to locate respondent, OAE submitted the matter to the New Jersey Disciplinary Review Board on default, which recommended that respondent be censured for his misconduct. Consistent with that recommendation, in July 2017, the Supreme Court of New Jersey censured respondent based upon a finding that he had negligently failed to safeguard client funds and had failed to cooperate with a disciplinary investigation; however, the Court also continued respondent's November 2015 suspension until further order of the Court (Matter of Abongwa, 230 NJ 60, 165 A3d 721 [2017]). Respondent remains suspended in New Jersey as of the date of this order.[FN3]
Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 (a) and (c) due to his New Jersey misconduct. Respondent has not replied to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Respondent's underlying misconduct in New Jersey for which he was disciplined in that state is proscribed by Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (d); accordingly, we conclude that discipline in this state should be imposed (see generally Matter of Hahn, 167 AD3d 1140, 1140 [2018]; Matter of Blasdell, 149 AD3d 1242, 1242 [2017]). In any event, respondent has not responded to AGC's motion and, consequently, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Cresci, ___ AD3d ___, ___, 2019 NY Slip Op 06565, *2 [2019]; Matter of Shedlick, 171 AD3d 1448, 1449 [2019]; Matter of Colby, 156 AD3d 1215, 1216 [2017]).
Owing to his failure to participate in these proceedings, respondent has not offered any mitigating factors for our consideration. In aggravation, however, we have considered the litany of factors that are demonstrative of respondent's apathy for his license to practice law in this state; specifically, his longstanding registration delinquency in this state, spanning four consecutive biennial periods, his failure to provide this Court or AGC with notice of his discipline in New Jersey and his failure to participate in this proceeding (see Matter of Walker, 175 AD3d 1667, ___, 106 NYS3d 436, 438 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Further, we take note of respondent's failure to distribute the funds in his attorney trust account before abruptly leaving the country, which had the potential to cause serious harm to his clients. Having considered the foregoing factors in aggravation, together with the nature of respondent's underlying misconduct, we find that the totality of the circumstances presented warrant respondent's indefinite suspension in this state, consistent with the continuation of his suspension in New Jersey (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; Matter of Campbell, 160 AD3d 1200, 1201 [2018]; Matter of Colby, 156 AD3d at 1216). Further, we condition any future application for reinstatement in this state on proof that respondent has been reinstated to the practice of law in New Jersey, and that he is in full satisfaction of the attorney registration requirements applicable in this state (see Matter of Colby, 156 AD3d at 1216; Matter of Aquia, 153 AD3d 1082, 1083 [2017]; see also Judiciary Law § 468—a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1).
Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: OAE made several unsuccessful attempts to contact respondent before eventually learning that he had left his practice and returned to Africa.

Footnote 2: The contents of respondent's trust account, which amounted to $28,580.22, were transferred in accordance with the order.

Footnote 3: Notably, respondent has been ineligible to practice law in New Jersey since 2012 owing to his failure to pay his annual fee to the New Jersey Lawyers' Fund for Client Protection.