Matter of Long (2021 NY Slip Op 01187)





Matter of Long


2021 NY Slip Op 01187


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

PM-20-21

[*1]In the Matter of Edward Andrew Long, an Attorney. (Attorney Registration No. 4385720.)

Calendar Date: February 17, 2021

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Edward Andrew Long, Portland, Oregon, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2006. He was previously admitted in 2003 in Oregon, where he maintained a legal practice.[FN1] By orders filed in May 2018 and December 2019, the Supreme Court of Oregon issued separate interlocutory suspension orders finding sufficient cause for respondent to be suspended from the practice of law in that state pending the completion of two disciplinary proceedings involving distinct formal complaints of professional misconduct alleging numerous violations of the Oregon Rules of Professional Conduct, including those prohibiting client neglect, escrow account violations and engaging in conduct that is prejudicial to the administration of justice.[FN2] Both suspension orders remain in effect to date. Respondent thereafter failed to timely notify both this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of the Oregon interlocutory suspension orders as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
Based upon the Oregon suspension orders, AGC now moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13.3. Respondent has submitted papers in opposition to the motion, invoking all three of the defenses set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b). We have also heard the parties at oral argument.
Upon consideration of the parties' remarks and the documentation in the record, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state. Contrary to respondent's arguments, the record fails to support his various claims of lack of due process (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]). Consistent with the requirements of Oregon State Bar Rules of Procedure, BR 3.1, respondent was provided notice and full evidentiary hearings following the Oregon State Bar's filing of the petitions seeking respondent's interlocutory suspension. Respondent had the opportunity to present and cross-examine witnesses and was able to testify on his own behalf, submit proof in his defense, bring appeals and engage in extensive motion practice. Additionally, there is nothing in the record before us that would give rise to a conclusion
that there was an infirmity of proof in the Oregon proceedings (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2]). Finally, we are unpersuaded by respondent's contention that the alleged misconduct forming the basis for the Oregon suspension orders would not constitute misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [3]; see e.g. Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).
Accordingly, we conclude that respondent's misconduct [*2]is deemed established. We further hold that respondent's failure to timely file the underlying Oregon suspension orders with both this Court and AGC to be professional misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). As for the appropriate sanction, we conclude, upon consideration of all the facts and circumstances presented — including the mitigating and aggravating factors referenced by the parties — and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), that respondent should be suspended indefinitely from the practice of law in this state, effective immediately, pending final resolution of the Oregon disciplinary matters (see e.g. Matter of Campbell, 160 AD3d 1200 [2018]; Matter of Colby, 156 AD3d 1215 [2017]; Matter of Frank, 135 AD3d 1152 [2016]). Finally, we condition any future application by respondent for his reinstatement in this state upon proof that he has been fully reinstated to the practice of law in Oregon.
Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent's bar admission in Oregon is under the name Andrew Long.

Footnote 2: As a result of the May 2018 suspension order, respondent was also suspended from the practice of law for an indefinite term by November 2018 order of the United States Court of Appeals for the Ninth Circuit.