Matter of Lauletta (2018 NY Slip Op 08615)





Matter of Lauletta


2018 NY Slip Op 08615


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: December 13, 2018
[*1]
In the Matter of FRANK A. LAULETTA, an Attorney.
 (Attorney Registration No. 5072137)

Calendar Date: October 19, 2018




Before: McCarthy, J.P., Lynch, Clark, Aarons and Rumsey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Richard M. Maltz, PLLC, New York City (Richard M. Maltz of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2012 and lists a business address with the Office of Court Administration in New Jersey, where he was admitted to practice law in 1996. In March 2017, the Supreme Court of New Jersey censured respondent in accordance with a New Jersey Disciplinary Review Board (hereinafter DRB) determination sustaining charges that he had engaged in an improper business transaction with a client and had perpetuated that client's fraud upon a third party by failing to make certain disclosures. AGC now accordingly moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in New Jersey. Respondent submitted documentation in opposition to the motion, and AGC submitted a reply with leave of this Court.
Respondent raises no contention that his New Jersey discipline warrants the imposition of discipline in this state and concedes that the only issue before this Court is the appropriate discipline. Thus, we find the misconduct established and consider the parties' submissions pertaining to the appropriate disciplinary sanction (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Respondent argues that the context of his misconduct in New Jersey militates in favor of a lesser sanction than the one imposed in that state. We disagree. Respondent's contention that his preexisting friendship with his client mitigates his fault ignores his clear ethical responsibility to obtain his client's informed consent and advise him of the desirability of seeking independent counsel before entering into a business transaction with that client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8). Importantly, the Rules of Professional Conduct governing such a transaction, both in this state and in New Jersey, do not carve out an exception to these requirements when an attorney engages in the representation of a friend (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8 [a]; New Jersey Rules of [*2]Professional Conduct, rule 1.8 [a]). Further, respondent secured the loan with the proceeds of certain litigation in which he was representing a corporate entity formed by his client along with the client's business partner. To this point, while respondent suggests that the effect on his friend/client was minimal, he fails to address his obligations to the corporate client and his client's business partner, who was never advised of the loan or the corresponding security interest in the litigation proceeds [FN1]. Finally, we reject respondent's contentions concerning his failure to disclose a material fact in connection with a fraudulent statement made by his client, noting his ethical obligation to be truthful when dealing with others on his client's behalf (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 4.1 Comment [1]).
We have considered respondent's previously unblemished disciplinary history for the 23 years that he has practiced law (see ABA Standards for Imposing Lawyer Discipline § 9.32 [a]). However, we reject respondent's other arguments in mitigation and find no reason to impose a lesser sanction than the discipline imposed in New Jersey. Accordingly, for the reasons discussed above, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be censured.
McCarthy, J.P., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: We further note the DRB's determination that the terms of the loan were clearly not favorable to his client, which further emphasizes the importance of imposing the obligation on attorneys to advise their clients — before entering into a business transaction with that attorney — of the desirability of seeking independent counsel.