Matter of Rinaldo (2019 NY Slip Op 00175)





Matter of Rinaldo


2019 NY Slip Op 00175


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

[*1]
In the Matter of RICHARD PATRICK RINALDO, an Attorney.
 
(Attorney Registration No. 4174033)

Calendar Date: November 19, 2018




Before: Egan Jr., J.P., Lynch, Clark, Devine and Aarons, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Richard Patrick Rinaldo, Union, New Jersey, respondent
pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court and in New Jersey in 2003. In October 2015, respondent was censured by the Supreme Court of New Jersey upon sustained allegations of, among other misconduct, client neglect, the failure to communicate and improper termination of representation. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to the discipline in New Jersey. Respondent has submitted a reply requesting that he not be disciplined any further beyond his New Jersey censure.
Respondent does not raise any of his available defenses to discipline for misconduct in a foreign jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b])[FN1]. Accordingly, we find that respondent's misconduct has been established and we turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Respondent concedes his failures in monitoring his client's case and providing her with the appropriate status updates. Moreover, respondent acknowledges the impropriety in the manner in which he sought to withdraw and transfer her case to another attorney. However, he contends that his misconduct is mitigated by the actions of the attorney to whom he had sought to transfer his client's matter. We reject this argument. Although it appears that said attorney is not without blame, respondent should have been aware of the harm that his client could, and would, [*2]suffer as a result of the lack of attention to her case. Ultimately, respondent's indifference to the various warning signs of neglect played a substantial role in the dismissal of her case, a result that underlines the severity of his misconduct. Further, we reject respondent's contention that further discipline in this state only serves to cause him and his former client to relive a difficult experience, as the delay in these proceedings is of his own making due to his failure to report his New Jersey discipline in a timely fashion pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Noting the foregoing, we have considered respondent's lack of a prior disciplinary history before the misconduct underlying this proceeding (see ABA Standards for Imposing Lawyer Discipline § 9.32 [a]), as well as his expressed remorse and acknowledgment of the severity of his misconduct (see ABA Standards for Imposing Lawyer Discipline § 9.32 [l]). Accordingly, for the reasons discussed above, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be censured.
Egan Jr., J.P., Lynch, Clark, Devine and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: We note that respondent's misconduct in New Jersey warrants discipline in this state as the New Jersey Rules of Professional Conduct that respondent was found to have violated are analogous to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (a), (b); 1.4 (a) (3), (4); and 1.16 (c). Accordingly, his actions undoubtedly constitute misconduct in this state (see generally Matter of Friedman, 166 AD3d 1208, 1208 [2018]).