Matter of Shedlick (2019 NY Slip Op 03131)





Matter of Shedlick


2019 NY Slip Op 03131


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: April 25, 2019
[*1]
In the Matter of CHRISTOPHER BROUGHTON SHEDLICK, an Attorney.
 
(Attorney Registration No. 5367131)

Calendar Date: March 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Rumsey and Pritzker, JJ. 




Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Christopher Broughton Shedlick, Falls Church, Virginia, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
 Respondent was admitted to practice by this Court in 2015 and is also admitted in Virginia, where he currently resides [FN1]. In May 2018, respondent was publicly reprimanded by a subcommittee of the Virginia State Bar for misconduct relating to a series of overdrafts on his attorney escrow account. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in New York pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to his misconduct in Virginia. Respondent has submitted an affidavit in response, and AGC has submitted a reply with leave of the Court.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Respondent does not raise any of his available defenses and concedes that his misconduct in Virginia warrants discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b])[FN2]. Accordingly, we find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
We have considered the following mitigating and aggravating factors. First, respondent fully cooperated with the Virginia State Bar during its investigation into his misconduct, and he ultimately entered into an agreement to consent to his discipline (see ABA Standards for Imposing Lawyer Discipline § 9.32 [e]). Respondent has also taken remedial measures to ensure [*2]no further transgressions of the Virginia Rules of Professional Conduct (see ABA Standards for Imposing Lawyer Discipline § 9.32 [d]). However, we have also considered respondent's past disciplinary history, including his public reprimand in Virginia in June 2009 (see ABA Standards for Imposing Lawyer Discipline § 9.22 [a], [c]),[FN3] as well as the fact that respondent is overdue on his attorney registration requirements as of the return date on this motion (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]).
Considering these factors along with the nature of his misconduct in Virginia, we find that a similar sanction to respondent's public reprimand is appropriate in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct. Accordingly, we grant AGC's motion and censure respondent for the underlying misconduct in Virginia.
Garry, P.J., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: Respondent is also admitted to practice in Maryland and the District of Columbia.

Footnote 2: We find that the underlying misconduct in violation of the Virginia Rules of Professional Misconduct would also violate Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a); (c) (1); (d) (1), (2) and 8.4 (a).

Footnote 3: Respondent was subsequently reprimanded in Maryland in 2013 for the same underlying misconduct.