Matter of Njogu (2019 NY Slip Op 01704)





Matter of Njogu


2019 NY Slip Op 01704


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

[*1]
In the Matter of REGINA WANJIRU NJOGU, an Attorney.


(Attorney Registration No. 4497590)

Calendar Date: November 26, 2018




Before: Garry, P.J., Egan Jr., Mulvey, Rumsey and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Regina Wanjiru Njogu, Silver Spring, Maryland, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2007 and was later admitted in her home state of Maryland in 2009. In October 2015, respondent was indefinitely suspended in Maryland, upon her consent, stemming from allegations that she had engaged in an improper business transaction with a client whom she represented in connection with an asylum application, and had committed other fraudulent and criminal conduct stemming from that business transaction. Respondent has also been convicted of several misdemeanor and traffic offenses in Maryland both before and after her indefinite suspension. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to her Maryland misconduct, and pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.12 based upon her criminal convictions. Respondent opposes the motion.
Concerning that part of the motion seeking to discipline respondent based upon her criminal convictions pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12, AGC identifies several driving and/or alcohol-related convictions stemming from arrests that took place in 2012 through 2016 as the basis for discipline. Most significantly, in April 2017, respondent was convicted of three misdemeanor offenses in Maryland, namely, driving her vehicle while her license was revoked, driving while her vehicle was not equipped with an ignition interlock device and per se driving under the influence of alcohol. She was consequently sentenced to a term of probation, which remains in effect through April 2020. AGC also identifies three separate convictions for driving under the influence of alcohol, driving with a suspended license and causing a public disturbance while intoxicated.
Noting the foregoing, AGC concedes that none of respondent's convictions constitutes felony offenses or "serious crimes" as that term is defined in Judiciary Law § 90 (4) (d). To this [*2]point, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 provides that "[i]f [AGC] concludes that the crime in question is not a felony or serious crime, it may take any action it deems appropriate pursuant to [Rules for Attorney Disciplinary Matters (22 NYCRR) § ] 1240.7." Pursuant to section 1240.7, AGC is afforded several options if it determines that a respondent's actions constitute professional misconduct, which include, among other things, issuing a written admonition or, in the event that it determines that a respondent's actions warrant public discipline, the commencement of a formal disciplinary proceeding before this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [d] [2] [v], [vi]). Thus, although AGC could ultimately determine that there is good cause to believe the entirety of those offenses constitutes misconduct in violation of the Rules of Professional Conduct, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7 does not provide a procedural avenue for presentation of these allegations by mere motion. Accordingly, we deny that part of the motion without prejudice to AGC taking whatever action under section 1240.7 it deems appropriate.
Turning to that part of AGC's motion seeking to discipline respondent due to the misconduct giving rise to her suspension in Maryland, we note that respondent does not raise any of her available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Instead, respondent argues that the specific allegations identified in her joint submission did not form the basis of her discipline in Maryland and were merely considered as part of her overall discipline. We reject her argument. Respondent consented to her indefinite suspension in Maryland, acknowledging that "sufficient evidence could be produced to sustain one or more allegations of misconduct." Further, the joint petition specifically states that respondent's conduct violated rules 1.8 (a) and 8.4 (a), (b) and (c) of the former Maryland Lawyers' Rules of Professional Conduct, and the order of the Maryland Court of Appeals states that her suspension resulted from "engaging in professional misconduct involving violations of" the aforementioned rules. Accordingly, we find that her foreign misconduct has been properly established and turn to the issue of the appropriate disciplinary sanction (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; Matter of Colby, 156 AD3d 1215, 1216 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
In mitigation of her misconduct, respondent advises that she suffers from a diagnosed mental health condition and alcoholism that afflicted her at the time of her misconduct. She further notes her progress in achieving some measure of control over those conditions through consistent mental health treatment and participation in a substance abuse program (see ABA Standards for Imposing Lawyer Discipline § 9.32 [i]). Nonetheless, we must also consider the severity of respondent's misconduct in Maryland, noting that her selfish motivations led her to take advantage of a vulnerable client who neither read nor spoke English very well (see ABA Standards for Imposing Lawyer Discipline § 9.22 [b], [h]). Further, we note in aggravation the litany of illegal conduct that respondent engaged in before and after her discipline in Maryland (see ABA Standards for Imposing Lawyer Discipline § 9.22 [k]). Considering the nature of respondent's misconduct in Maryland, the aggravating and mitigating circumstances and the applicable ABA Standards for Imposing Lawyer Discipline, we find that a sanction consistent with the discipline imposed in Maryland is appropriate (see Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 [b] [2]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we suspend respondent from the practice of law indefinitely, and condition any future application for reinstatement in this state on proof that respondent has been reinstated to the practice of law in Maryland (see Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]; Matter of Ezeala, 163 AD3d at 1349).
Garry, P.J., Egan Jr., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).