Matter of Donohue (2019 NY Slip Op 02607)





Matter of Donohue


2019 NY Slip Op 02607


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

[*1]
In the Matter of JAMES FRANCIS DONOHUE JR., an Attorney.
 
(Attorney Registration No. 2390300)

Calendar Date: March 11, 2019




Before: Lynch, J.P., Clark, Devine, Rumsey and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Richard E. Grayson, White Plains (Richard E. Grayson of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1991, after having been previously admitted in both Pennsylvania and Connecticut. By July 2015 consent order, the Supreme Court of Pennsylvania suspended respondent from the practice of law for a period of three years based upon stipulated findings that he had, among other things, commingled the funds of four clients and mismanaged his attorney trust account in violation of five separate provisions of the Pennsylvania Rules of Professional Conduct [FN1]. Respondent timely advised this Court of his discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Upon also being advised of that discipline, the Connecticut Superior Court of the Judicial District of Hartford imposed an identical sanction upon respondent in September 2015 based upon the Pennsylvania misconduct. Now, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), by order to show cause marked returnable March 11, 2019, moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the findings of misconduct in Pennsylvania and Connecticut. Respondent's papers in opposition present matters in mitigation, but do not contest any of the findings of misconduct or raise any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we take note of the nature of respondent's misconduct in Pennsylvania, as well as the aggravating and mitigating circumstances presented by the parties, and find that a sanction consistent with the discipline [*2]imposed in Pennsylvania and Connecticut is appropriate (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Consequently, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be suspended from the practice of law for a period of three years in this state, effective nunc pro tunc to August 6, 2015, the date his Pennsylvania suspension commenced. We further condition any future application by respondent for reinstatement in this state upon proof that he has been reinstated to the practice of law in Pennsylvania (see Matter of Njogu, ___ AD3d ___, 2019 NY Slip Op 01704 [2019]; Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]; Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; appendix C).
Lynch, J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective nunc pro tunc to August 6, 2015, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: It is not disputed that the conduct for which respondent was disciplined in Pennsylvania constitutes professional misconduct in New York, inasmuch as the rules found to have been violated by respondent are substantially similar to Rules of Professional Conduct (22 NYCRR) rules 1.15 (a), (b) (3); (c) (3) and (4); (d) (1) and 1.16 (e).