Matter of Proskurchenko (2019 NY Slip Op 03126)





Matter of Proskurchenko


2019 NY Slip Op 03126


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

[*1]
In the Matter of KSENIA VLADIMIROVNA PROSKURCHENKO,
 an Attorney.
 (Attorney Registration No. 4690004)

Calendar Date: April 1, 2019

Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ. 


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Porzio, Bromberg & Newman, PC, New York City (Warren J. Martin Jr. of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2009,
after previously being admitted in New Jersey in 2008. She lists a New Jersey business address with the Office of Court Administration.
By October 2015 order, the Supreme Court of New Jersey censured respondent upon sustained charges of, among other misconduct, client neglect and failure to return an unearned retainer (Matter of Proskurchenko, 223 NJ 267 [2015]). Thereafter, respondent defaulted upon a new set of disciplinary charges in that state involving similar misconduct with additional clients. As a result, the Supreme Court of New Jersey suspended respondent, by May 2016 order, for six months (Matter of Proskurchenko, 224 NJ 493 [2016]), and she remains so suspended to date [FN1]. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause marked returnable April 1, 2019, to impose discipline upon respondent in this state due to the findings of misconduct in New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of the Appellate Division, Third Department [22 NYCRR] § 806.13). Respondent's papers in opposition present matters in mitigation, but do not contest any of the findings of misconduct or raise any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we take note of the nature of respondent's misconduct in New Jersey, as well as the aggravating and mitigating [*2]circumstances presented by the parties, and find that a sanction consistent with the discipline imposed in New Jersey is appropriate (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Consequently, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be suspended from the practice of law for a period of six months in this state, effective immediately. We further condition any future application by respondent for reinstatement in this state upon proof that she has been reinstated to the practice of law in New Jersey (see Matter of Donohue, ___ AD3d ___, ___, 2019 NY Slip Op 02607, *2 [2019]; Matter of Njogu, ___ AD3d ___, ___, 2019 NY Slip Op 01704, *2 [2019]; Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]; Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendices C, D).
Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Subsequently, the US District Court for both the Eastern and Southern Districts imposed identical six-month suspensions upon respondent based upon her misconduct in New Jersey.