Matter of Powers (2019 NY Slip Op 07673)





Matter of Powers


2019 NY Slip Op 07673


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

PM-162-19

[*1]In the Matter of James Aloysius Powers, an Attorney. (Attorney Registration No. 2262277)

Calendar Date: October 15, 2019

Before: Egan Jr., J.P., Lynch, Clark and Devine, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
James Aloysius Powers, Bethesda, Maryland, respondentpro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1989. He is also admitted to the practice of law in Maryland, where he currently lists a business address with the Office of Court Administration.By July 2017 order, respondent was indefinitely suspended by the Court of
Appeals of Maryland due to his violation of nine provisions of the Maryland Lawyers' Rules of Professional Conduct, which included sustained findings of misconduct, client neglect, improper disclosure of client confidences and conflict of interest (Attorney Grievance Commn. of Maryland v Powers, 454 Md 79 [2017]).[FN1] In finding respondent guilty of these rule violations, that Court found that the most egregious misconduct by respondent was his disclosure of client confidences without that client's consent for the purpose of furthering his own interests to the detriment of the client. Subsequently, respondent sought reinstatement in Maryland; however, his petition was denied by the Court of Appeals of Maryland by June 2019 order, and respondent's suspension in that state remains extant. Significantly, respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of his Maryland discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).[FN2]
AGC now moves to impose discipline upon respondent in this state
pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his misconduct in Maryland.[FN3] Inasmuch as respondent presents matters in mitigation but does not contest any of the findings of misconduct or raise any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), AGC's motion to impose discipline is granted (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we have now
heard from respondent in mitigation and considered the matters in aggravation presented by AGC. We take note of the egregious nature of respondent's sustained misconduct in Maryland, which included, among other things, his intentional disclosure of client confidences and disregard of that client's interests. Notably, while this Court may consider the discipline imposed upon respondent in Maryland, we are not bound to impose that sanction here (see e.g. Matter of Jew, 175 AD3d 812 [2019]; Matter of McCoy-Jacien, 167 AD3d 1414, 1415 2018]). Accordingly, upon our review of all of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be suspended from the practice of law in this state for a period of two years (see e.g. Matter of Mertz, 171 AD3d 225, 230-231 [2019]; see generally ABA Standards for Imposing Lawyer Sanctions § 4.22), effective 30 days from the date of this decision. Finally, we condition any future application by respondent for his reinstatement in this state upon proof that he has been reinstated to the practice of law in Maryland.
Egan Jr., J.P., Lynch Clark and Devine, JJ., concur.ORDERED that the motion by the Attorney Grievance Committee for the
Third Judicial Department is granted; and it is further
ORDERED that respondent is 
suspended from the practice of
law for a period of two years, effective November 23, 2019, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded
to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules
for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: As a result of respondent's Maryland discipline, Virginia, the US Patent and Trademark Office and the US District Court for the District of Maryland also indefinitely suspended him from the practice of law. Respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department within 30 days following the imposition of these disciplinary orders as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).

Footnote 2: Respondent incorrectly argues that any notification of his suspension provided to the New York State Bar Association and the US District Court for the Eastern District of New York was sufficient to fulfill his notification obligation in this state.

Footnote 3: AGC points out that respondent's professional misconduct in Maryland also constitutes professional misconduct in New York, inasmuch as the rules found to have been violated by respondent are virtually identical to Rules of Professional Conduct (22 NYCRR) rules 1.2, 1.4, 1.6, 1.9, 1.16 (e); 3.1, 4.4, and 8.4 (a) and (d).