Matter of Bailey (2019 NY Slip Op 08252)





Matter of Bailey


2019 NY Slip Op 08252


Decided on November 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 14, 2019

PM-196-19

[*1]In the Matter of Eric Brian Bailey, a Suspended Attorney. (Attorney Registration No. 4409462.)

Calendar Date: October 28, 2019

Before: Lynch, J.P., Clark, Devine and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2006 and was also admitted that same year in New Jersey, where he most recently maintained an office for the practice of law. By December 2016 order, this Court suspended respondent from the practice of law for a period of 30 days upon proof that he had previously been reprimanded in New Jersey for client neglect and a failure to cooperate with disciplinary authorities in that state (145 AD3d 1182 [2016]). He remains suspended to date. Subsequently, by July 2018 order, the Supreme Court of New Jersey censured respondent, upon his default, due to his professional misconduct in, among other things, neglecting a client, failing to act with due diligence, engaging in dishonest conduct and failing to cooperate with disciplinary authorities, all in violation of six provisions of the New Jersey Rules of Professional Conduct.[FN1] Respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of the censure as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
AGC now moves, by order to show cause made returnable October 28,
2019, to impose discipline upon respondent due to this latest finding of misconduct in New Jersey. Respondent has failed to properly respond to or oppose AGC's motion. Accordingly, he has waived any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Therefore, we grant AGC's motion (see Matter of Malyszek, 171 AD3d 1445, 1445 [2019]).
Turning to the appropriate disciplinary sanction, we note that, given respondent's failure to participate in these proceedings, there are no factors to consider in mitigation of his misconduct. Notably, although this Court may consider the discipline imposed upon respondent in New Jersey, we are not bound to impose that sanction (see e.g. Matter of Powers, ___ AD3d ___, ___, 2019 NY Slip Op 07673, *1 [2019]; Matter of Jew, 175 AD3d 812, 813 [2019]). To that end, respondent's misconduct is exacerbated by, among other things, his extant suspension and his failure to provide proper notice to this Court and AGC of his censure by New Jersey disciplinary authorities. Under the circumstances, we deem it appropriate to suspend respondent indefinitely and until further order of this Court (see e.g. Matter of Frank, 135 AD3d 1152 [2016]; Matter of Park, 98 AD3d 814 [2012]). Finally, we condition any future application by respondent for his reinstatement upon proof that he has been reinstated to the practice of law in New Jersey, where he is currently on disability inactive status.
Lynch, J.P., Clark, Devine and Aarons, JJ., concur.ORDERED that the motion by the Attorney Grievance Committee for the
Third Judicial Department is granted; and it is further
ORDERED that respondent is 
suspended from the practice of
law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded
to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules
for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: The Attorney Grievance Committee for the Third Judicial Department points out that respondent's professional misconduct in New Jersey also constitutes professional misconduct in New York, inasmuch as the rules found to have been violated by respondent are substantially similar to Rules of Professional Conduct (22 NYCRR) rules 1.1 (a); 1.3 (a); 1.4 (a) (3) and (4), and 8.4 (c) and (d).